UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRUCE HIRCHAK,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.: 15-cv-07786 (PAZ)<br><br>**OPINION** |

**APPEARANCES:**

JAMES LANGTON
LANGTON & ALTER, ESQS.
1600 ST. GEORGES AVENUE
PO BOX 1798
RAHWAY, NJ 07065
    On behalf of Plaintiff

RAFAEL MELENDEZ
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
300 SPRING GARDEN STREET
SIXTH FLOOR
PHILADELPHAS, PA 19123
    On behalf of Defendant

**PAUL A. ZOSS, United States Magistrate Judge.**

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff Bruce Hirchak, for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. 42 U.S.C. §§ 401, *et seq*. Plaintiff appeals from the final decision of the Administrative Law Judge ("ALJ") denying the application; Defendant, the Commissioner of Social Security ("the Commissioner"),

1

opposes Plaintiff's appeal. After careful consideration of the record, including the ALJ hearing transcripts, the ALJ's prior decision, and the pleadings and memoranda submitted by the parties, the Court decides this matter without oral argument pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Civil Rule 9.1(f). For the reasons set forth below, the Court affirms the Commissioner's decision that Plaintiff became disabled on August 2, 2013, but reverses the Commissioner's decision that Plaintiff was not disabled prior to August 2, 2013, and remands the case to the Commisioner for payment of benefits.

## I. PROCEDURAL HISTORY

On October 28, 2009, Plaintiff filed an application for SSI. (R. 204-10.)[1] On August 19, 2010, the Commissioner determined that Plaintiff was not disabled and denied the application. (R. 68-80.) Plaintiff filed for reconsideration, and his application was again denied on December 13, 2010. (R. 81-96.)

Plaintiff requested a hearing, which was held on April 9, 2012; Plaintiff was represented by counsel. (R. 8-28.) The ALJ issued a decision on April 19, 2010 again denying Plaintiff's application. (R. 97-115.) The Appeals Council remanded the ALJ's decision on August 22, 2013. (R.116-119.) The ALJ held a second hearing on February 27, 2014, at which Plaintiff was again represented by counsel. (R. 49-67.) On March 20, 2014, the ALJ issued a decision finding that Plaintiff was not disabled prior to August 2, 2013, but became disabled on that date and has continued to be disabled. (R. 29-48.) The Appeals Council denied Plaintiff's request for appeal (R. 1-6), thereby affirming the ALJ's March 20, 2014, decision as the "final" decision of the Commissioner.

---

[1] "R." refers to the continuous pagination of the administrative record. (ECF No. 7.)

On November 10, 2015, Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g) and pursuant to 42 U.S.C. § 1383(c)(3). (ECF No. 1.) On April 3, 2018, Plaintiff consented to have a U.S. Magistrate Judge conduct all further proceedings in the case to disposition pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (ECF No. 17.)[2] The case was reassigned to the undersigned Magistrate Judge on April 23, 2018.

## II. LEGAL STANDARD

### A. Standard of Review

This Court has plenary review of legal issues decided by the ALJ in reviewing applications for SSI. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g) & 1383(c)(3). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *see K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309 (JLL), 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018). Thus, substantial evidence is "less than a preponderance of the evidence, but 'more than a mere scintilla.'" *Bailey v. Comm'r of Soc. Sec.*, 354 F. Appx. 613, 616 (3d Cir. 2009) (citations and quotations omitted); *see K.K.*, 2018 WL 1509091, at *4.

The substantial evidence standard is a deferential one, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see, e.g.*, *Fargnoli v. Massanari*,

---

[2] Defendant has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484 (RBK), 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir.1981) (substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4. The ALJ decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Coleman*, 2016 WL 4212102 at *3 (citing *Schonewolf*, 972 F. Supp. at 284-85) (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978))).

Although the ALJ is not required "to use particular language or adhere to a particular format in conducting his analysis," his decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The ALJ must "specifically identify and explain what evidence he found not credible and why he found it not credible." *Zirnsak v. Colvin*, 777 F.3d 607, 612 (3d Cir. 2014) (citing *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994)); *see K.K.*, 2018 WL 1509091, at *4. As the Third Circuit instructs:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984)). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and

entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518. In assessing whether the record is fully developed to support reversal, the courts take a more liberal approach when the claimant has already faced long processing delays. *See*, *e.g.*, *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000). Reversal is "especially appropriate when "further administrative proceedings would simply prolong [Plaintiff's] waiting and delay his ultimate receipt of benefits." *Podedworny*, 745 F.2d at 223; *see Schonewolf*, 972 F. Supp. at 290.

### B. Standard for Awarding Benefits

Under the Social Security Act, an adult claimant (i.e., a person over the age of eighteen) is disabled and eligible for SSI benefits based on an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant is disabled only if his physical or mental impairment(s) are "of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

In determining whether the claimant's physical or mental impairment or impairments are of a sufficient medical severity as could be the basis of eligibility under the law, the ALJ must consider the combined effect of all of impairments without regard to whether any single impairment, if considered separately, would be of sufficient severity. If the ALJ finds a medically severe combination of impairments, then the combined impact of such impairments must be considered throughout the disability determination process. 20 C.F.R. § 416.923(c).

The process for determining an adult's claim for SSI benefits involves a five-step sequential inquiry. 20 C.F.R. § 416.920(a).[3] The claimant bears the burden of proof at Steps One through Four. At Step Five, the burden shifts to the Commissioner. 20 CFR § 416.912; *see Holley v. Colvin*, 975 F. Supp.2d 467, 476-77 (D.N.J. 2013), *aff'd sub nom. Holley v. Comm'r of Soc. Sec.*, 590 F. App'x 167 (3d Cir. 2014).

At Step One, the ALJ decides whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. § 416.920(b). Substantial gainful activity is work activity that involves doing significant physical or mental activities and is usually done for pay or profit. *Id*. §§ 416.972(a) & (b). If the claimant is engaging in such activity, then the inquiry ends because the claimant is not disabled.

"The [Step Two] inquiry is a de minimis screening device to dispose of groundless claims." *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003). At this step, the ALJ decides whether the claimant has a medically determinable impairment or a combination of such impairments that is severe. 20 C.F.R. § 416.920(c). An impairment or combination of impairments is severe if it significantly limits a claimant's ability to perform basic work activities. An impairment or combination of impairments is not severe if the claimant has a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations. *Id*. § 416.922. If the claimant does not have a severe impairment or combination of impairments, then the inquiry ends because the claimant is not disabled.

---

[3] A new regulation governs the weight attributed to certain evidence for claims filed after March 27, 2017. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844 (Jan. 18, 2017) (citing 20 C.F.R. § 416.920(c) ("How we consider and articulate medical opinions and prior administrative medical findings for claims filed on or after March 27, 2017.")). This case arises from a claim filed on October 28, 2009, and is therefore analyzed by this Court – as it was by the ALJ – under the prior regulation, now codified at 20 C.F.R. § 416.927 ("Evaluating opinion evidence for claims filed before March 27, 2017.").

At Step Three, the ALJ decides whether the claimant's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment(s) in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 416.920(d), 416.925, 416.926. If the claimant's specific impairment is not listed, the ALJ will consider the most closely analogous listed impairment for purposes deciding medical equivalence. Id. § 416.926(b)(2). If the claimant has an impairment or combination of impairments that meets or medically equals a Listing, then the claimant is presumed to be disabled as long as the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id*. § 416.909.

At Step Four, the ALJ must determine the claimant's residual functional capacity ("RFC"), determine the physical and mental demands of the claimant's past relevant work, and determine whether claimant has the level of capability needed to perform the past relevant work. 20 C.F.R. §§ 416.920(e) & (f). RFC is the claimant's maximum remaining ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. Past relevant work is work performed (either as the claimant actually performed it or as it is generally performed in the national economy) within the last 15 years or 15 years prior to the disability date. In addition, the work must have lasted long enough for the claimant to learn to do the job and be engaged in substantial gainful activity. *Id*. §§ 916.945, 916.960. If the claimant's RFC enables him to perform his past relevant work, then the claimant is not disabled.

At Step Five, the ALJ must decide whether the claimant, considering his RFC, age, education, work experience, is capable of performing other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 416.920(g). If the claimant is incapable of doing so, then he is presumed to be disabled as long as his impairment or combination of impairments has lasted

or is expected to last for a continuous period of at least twelve months. Otherwise, the claimant is not disabled.

In deciding the claimant's ability to perform other jobs that exist in significant numbers in the national economy, the ALJ must consider whether the claimant's impairment and symptoms result in exertional and/or non-exertional limitations. The classification of a limitation as exertional is related to the United States Department of Labor's classification of jobs by various exertion levels (sedentary, light, medium, heavy, and very heavy) in terms of the strength demands for sitting, standing, walking, lifting, carrying, pushing, and pulling. *Id*. at § 416.969a(b). Non-exertional limitations affect a claimant's ability to meet all other demands of a job (i.e., non-strength demands), including but not limited to difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching. *Id*. at § 416.969a(c). If the claimant has no non-exertional limitations and can perform all or substantially all exertion demands at a given level, then the ALJ must use the Medical-Vocational Rules (also referred to as "Grid") found at 20 C.F.R. § 404, Subpart P, Appendix 2. 20 C.F.R. § 416.969a(b). The Grid reflects various combinations of RFC, age, education, and work experience and direct a finding of disabled or not disabled for each combination. However, if the claimant also has any non-exertional limitations or cannot perform substantially all of the exertional demands at a given level, then the Grid is used as a framework for decision-making unless there is a rule that directs a conclusion of disabled without considering the additional non-exertional or exertional limitations. *Id*. § 416.969a(d). If the claimant has solely non-exertional limitations, then the Grid provides a framework for decision-making. *Id*. §§ 416.969a(c).

## III. ALJ DECISION AND APPELLATE ISSUES

The issues before the Court involve Steps Four and Five of the SSI disability determination process. In 2012, the ALJ determined that Plaintiff was unable to perform any past relevant work and had the RFC:

> to perform sedentary work as defined in 20 CFR [§] 416.967(a) except claimant is unable to perform fine fingering manipulation involving the index finger with left non-dominant hand; requires the ability to sit or stand at his election; and [is] able to perform simple, unskilled, repetitive nature with one to two step process to completion.

(R. 104.) The ALJ further determined that "a finding of 'not disabled' would be directed by Medical-Vocational Rule 201.27" if Plaintiff had the RFC to perform the full range of sedentary work. (R. 111.) But because Plaintiff's ability to perform all or substantially all of the requirements of this level of work was impeded by additional limitations, the ALJ turned to testimony from a Vocational Expert ("VE") to determine the extent to which such limitations eroded the unskilled sedentary occupational base. (R. 111.) Using the Grid as a framework, the ALJ decided that Plaintiff was not disabled because he could perform jobs that exist in significant numbers in the national economy considering his RFC, age (then 49), education (highschool and English speaking), and work experience (unskilled). (*Id.*)

The Appeals Council vacated the ALJ's 2012 decision based on a single issue involving the examination performed by the Commissioner's consultative orthopedic physician. Specifically, the Appeals Council concluded that the ALJ had not provided sufficient explanation for disregarding the consultative physician's opinion about Plaintiff's hand limitations. (R. 117.) The ALJ was instructed on remand to "[g]ive further consideration to the claimant's maximum [RFC] during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations." (R. 118).

The record on remand was supplemented to include an updated report from Plaintiff's treating physician, a report from a consulting physician whom Plaintiff had retained prior to remand, additional testimony from Plaintiff, and testimony from another VE. The ALJ decided in 2014 that Plaintiff was unable to perform any past relevant work and had the RFC:

> to perform sedentary work as defined in 20 CFR [§] 416.967(a) except claimant is unable to use his index finger of the left non-dominant upper extremity; [and] is able to perform work that is simple and repetitive nature with one to two step process to completion.

(R. 36.)

Finding that Plaintiff's ability to perform all or substantially all of the requirements of the full range of sedentary work was impeded by additional limitations – which again precluded direct application of Medical-Vocational Rule 201.27 – the ALJ turned to the supplemental VE testimony. (R. 40-41.) Using the Grid as a framework, the ALJ decided that Plaintiff was not disabled before August 2, 2013, because he was capable of making a successful transition to other work that existed in significant numbers in the national economy. (R. 41.) The ALJ also decided, by direct application of Medical-Vocational Rule 201.12, that Plaintiff became disabled on August 2, 2013, when his age category changed, because no jobs existed in significant numbers in the national economy that he could perform. (*Id.*)

The parties agree that Plaintiff is unable to perform his past relevant work and, for purposes of obtaining SSI benefits, became disabled on August 2, 2013.

Plaintiff contends that the ALJ's decision that Plaintiff was not disabled prior to August 2, 2013, is not supported by substantial evidence. Plaintiff disputes the ALJ's RFC assessment in two respects. First, Plaintiff argues that the ALJ substituted the "the unanimity of medical opinion" regarding Plaintiff's hand limitations with the lay observation that "[P]laintiff has the occasional ability to drive a motorcycle." ECF No. 11 at 10. Second, Plaintiff argues that the ALJ failed to

11

afford significant weight to the treating physician's opinion that back limitations rendered Plaintiff incapable of an 8-hour work day. *Id*. at 11. Plaintiff also disputes the ALJ's assessment that Plaintiff was capable of performing other jobs that existed in significant numbers in the national economy. *Id*. at 11, 16. Plaintiff asks the Court to affirm the ALJ's decision that Plaintiff became disabled on August 2, 2013, but reverse the ALJ's denial of benefits prior to August 2, 2013, and remand for payment. *Id*. at 20.

Defendant contends that the ALJ's decision that Plaintiff was not disabled prior to August 2, 2013, is supported by substantial evidence. ECF No. 15 at 8-12. Defendant therefore asks the Court to affirm the ALJ's decision in its entirety. *Id*. at 13.

## IV. DISCUSSION

### A. <u>Plaintiff's Back Limitation</u>

The ALJ's ruling on Plaintiff's back limitation is unambiguous:

> That the claimant is limited to sedentary work was demonstrated by the medical evidence. … Nothing in the record would prevent the claimant for sitting for six hours with ordinary breaks every two hours.

(R. 39.)[4] In making this ruling the ALJ "gave significant weight" to those parts of the opinion provided by Dr. Rashel Potashnik, the Commissioner's consultative orthopedic physician, which the ALJ found "were consistent with the medical evidence." (R. 37-38.) Dr. Potashnik specifically found as to Plaintiff's back limitation "that Plaintiff could: sit for 4 hours without interruption; sit for 8 hours total in a work day; stand for 60 minutes without interruption; walk for 2 hours without interruption; stand for 4 hours and walk for a total of 5 hours in a work day; and frequently lift up

---

[4] Sedentary work requires the ability to: work 8 hours a day for 5 days a week with 3 daily breaks at 2 hour intervals (15 minute morning break, 30-60 minute lunch break, and 15 minute afternoon break); lift no more than 10 pounds at a time; and carry occasionally articles like docket files, ledgers, and small tools. *See* SSR 96-9. An unskilled sedentary job generally requires sitting a total of 6 hours and standing a total of 2 hours in an 8-hour work day. *See Titles II & XVI: Determining Capability to Do Other Work – The Medical-Vocational Rules of Appendix 2*, SSR 83-10, 1983 WL 31251 (S.S.A. 1983).

to 10 pounds and occasionally carry up to 20 pounds. (R. 37; *see* R. 538-39.) But contradicting evidence was provided by Dr. Wayne Fleishhacker (Plaintiff's treating physician for pain management), Dr. David Weiss (a consultative orthopedic physician retained by Plaintiff after the initial ALJ decision was issued but before the Appeals Council remand), and Plaintiff.

Dr. Fleishhacker reported that he had treated Plaintiff approximately six times per year since March 2010 for chronic lumbar spine pain and radicular syndrome. (R. 699.) Dr. Fleishhacker opined that Plaintiff could occasionally lift and carry up to 10 pounds but could rarely lift and carry up to 20 pounds (R. 701), and also that Plaintiff could sit, stand and walk a total of 2 hours in an 8-hour day (R. 700-01).[5] According to Dr. Fleisshacker, Plaintiff could sit 15 minutes at one time before needing to get up; needed during an 8-hour work day to walk around for 10 minutes every 15 minutes; required a job that permits shifting positions at will from sitting, standing or walking; and needed during an 8-hour work day to take unscheduled 10-15 minute breaks every 15-30 minutes. (R. 701.) The record contains significant documentation from Dr. Fleishhacker regarding Plaintiff's repeated efforts seeking relief from back-related pain, resulting in numerous office procedures and prescriptions for pain medication. (R. 467-81, 493-95, 608-623, 699-711.) Dr. Weiss opined that Plaintiff had a permanent disability caused by back problems, although he provided no specific details about Plaintiff's ability to sit, stand, walk, lift and/or carry. (R. 718-34.)

Plaintiff testified that he could sit for 15 minutes at a time without major discomfort, at which point he needed to stand or stretch for 5 minutes before sitting back down. (R. 17, 56.) When asked how long he could stand without experiencing pain, Plaintiff responded:

---

[5] The ALJ decision erroneously cites Dr. Fleishhacker as having opined that Plaintiff "is able to occasionally lift up to 20 pounds." (R. 38.)

13

> I can answer it this way. It doesn't matter what position I'm in. Each and every position, whether it's laying, standing, sitting walking – I have to either jockey my position periodically and it's – no one of them for a long period of time. … Sitting's easier than walking and standing only for a short period of time.

(R. 17.) When asked how much weight he could lift with two hands and carry across the room without making his pain much worse, Plaintiff responded that he could lift a gallon of milk but might experience problems depending on how he turned. (R. 17-18.)

The ALJ assigned "no significant weight" to Dr. Fleishhacker's opinion because the "restrictive assessment" was not substantiated by "the record as a whole." (R. 38-39.) The ALJ assigned "little weight" to Dr. Weiss's opinion because Dr. Weiss was paid by Plaintiff; it was not clear that Dr. Weiss understood the definition of "disability" applicable to SSI benefits; and Dr. Weiss "apparently relied quite heavily on the subject report of symptoms and limitations provided by the claimant and, seemed to uncritically accept as true most, if not all, of what the claimant reported." (R. 39-40.) The ALJ concluded that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were "not entirely credible" because:

> The claimant described activities of daily living that are consistent with a sedentary residual functional capacity. For example, he testified that he sits in front of a computer, drives a car and watches television.
>
> Additionally, as mentioned earlier, the record reflects work activity after the alleged onset date. Although the work activity did not constitute disqualifying substantial gainful activity, it does indicate that the claimant's activities have, at least at times, been somewhat greater than the claimant has generally reported. The record revealed that the claimant reported he was working after his alleged onset date and after his reported unsuccessful work attempt. In November 2009, the claimant presented at Somerset Medical Center with complaints of pain in his ankles, hand and neck. He requested a prescription for Percocet stating that he was working in the area and needed the medication due to increased pain. … The claimant also testified to performing heavy work driving a snow plow during a snow storm approximately in December 2013.

(R. 39; *see id*. ("in his analysis of activities of daily living [Plaintiff] reported living without difficulty performing a majority of household duties").)

Evidence from a treating physician – let alone the most recent treating physician – is entitled to great weight. 20 C.F.R. § 416.927(c)(2); *see*, *e.g.*, *Cardone v. Comm'r*, No. 15-5063 (SRC), 2016 WL 4468556, at *2 (D.N.J. Aug. 23, 2016). The Third Circuit instructs that an ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to the ALJ's own credibility judgments, speculation or lay opinion. *Morales v. Apfel*, 225 F.3d at 317-19 (treating physician rule is "cardinal principle" guiding disability determinations). Similarly, a claimant's subjective symptoms, including pain, are entitled to serious weight if they reasonably could be caused by a medically determinable impairment. 20 C.F.R. § 416.929; *see Mason v. Shalala*, 994 F.2d 1058, 1067-68 (3d Cir. 1993).

The ALJ pointed to no medical evidence that contradicted Dr. Fleishhacker's opinion as to Plaintiff's back limitation. (R. 38.) Despite finding "[a]fter careful consideration of the evidence" that Plaintiff's medically determinable back disorder reasonably could be expected to cause the pain associated with sitting about which Plaintiff complained (R. 39), the ALJ appears to have discounted both Dr. Fleishacker's opinion and Plantiff's testimony as to the intensity, persistence and limiting effects of this symptom for one reason: namely, Plaintiff can sit in front of a computer, drive a car, watch television, and operate a snow plow. (R. 39.) However, nothing in the record establishes that any of these activities require Plaintiff to sit for more than 15-30 minutes. The ALJ erred in relying on his own credibility judgments, speculation and lay opinion that these activities require that Plaintiff remain in a seated position for at least 2 consecutive hours. The Court thus finds that the ALJ's RFC finding at Step 4 lacks substantial evidence as to Plaintiff's back limitation. The Court also finds that Plaintiff has satisfied his burden of proof in this regard because Dr. Fleishhacker's opinion is supported by substantial evidence.

Plaintiff's counsel asked the VE to assume an individual of Plaintiff's age, education and work history, who was restricted to sedentary work, and who was further restricted to jobs of a simple and repetitive nature involving one and two-step processes to completion due to combination of pain and/or side effects of medication. (R. 64, 66.) Next, Plaintiff's counsel asked the VE to assume that the "hypothetical individual needed to take unscheduled breaks of 10 to 15 minutes at a time, say three times a day." (R. 66.) Lastly, Plaintiff's counsel asked the VE what effect these assumptions would have on the individual's ability to do any work. The VE testified that, "if these were unscheduled breaks three or four times a day, in my opinion he would not be able to maintain employment in the competitive labor market." (R. 66.) The hypothetical posed by Plaintiff's counsel reflects Dr. Fleishhacker's opinion as to Plaintiff's back limitation; indeed, the hypothetical appears to understate the number of unscheduled breaks that Plaintiff would require in an 8-hour day. Based on the VE's unequivocal response, the Court finds that the Commissioner has failed to satisfy her burden of proof in Step Five.

Therefore, the Court finds that Plaintiff was disabled prior to August 1, 2013, and the case should be remanded for payment of SSI benefits. *See Tommaney v. Comm'r*, No. 12-4843 (KM), 2014 WL 3809477, *6 (D.N.J. Aug. 1, 2014) (reversing ALJ's Step Four and Five decision and awarding benefits on record fully developed in claim pending over 7 years where substantial evidence reflects claimant is disabled).

### B. Plaintiff's Hand Limitation

If the Court did not find that a remand for payment of benefits is warranted based on Plaintiff's back limitation, the Court would remand the case for reconsideration of Step Four (and, if warranted, Step Five) as to Plaintiff's hand limitation.

Dr. Potashnik opined that Plaintiff was "limited in activities requiring gross manipulations of BUE [bilateral upper extremity], fine manipulations by the left hand and bimanual dexterity[.]"

(R. 537.) Dr. Potashnik's report indicated that, with his dominant right hand, Plaintiff was limited to occasional reaching, handling, fingering, feeling, pushing, and pulling. (R. 540.) The report further indicated that, with his non-dominant left hand, Plaintiff was limited to occasional reaching, but could never engage in handling, fingering, feeling, pushing, or pulling. (R. 540.)

Finding that the record did not support such "significant manipulative limitations," the ALJ did not give "significant weight" to this aspect of Dr. Potashnik's opinion. (R. 38.) The ALJ determined that Plaintiff's hand limitation consisted of an inability to use the left index finger. (R. 36.) Plaintiff argues that the ALJ's determination of Plaintiff's hand limitation rests on "lay speculation completely untethered from the unanimity of medical opinion." ECF No. 11 at 10. Plaintiff is incorrect. Two medical opinions, and Plaintiff's own testimony, contradict Dr. Potashnik in this regard.[6]

Dr. Fleishhacker reported no significant limitation with Plaintiff's reaching, handling, fingering, or ability to use his hands. (R. 38.) Dr. Fleishhacker's response to *Plaintiff's Physical Residual Functional Capacity Questionnaire* reflected zero limitation on the "percentage of time during an 8-hour working day" that Plaintiff could use his "hands/fingers/arms" for the following activities: "grasp, turn, twist objects;" "fine manipulations;" and "reaching (incl. overhead)." (R. 702.) Dr. Weiss did not reference any difficulties with Plaintiff's hand activities. (R. 39; *see* R. 718-34.) Plaintiff testified that he "at times" had difficulty using his dominant right hand but

---

[6] The ALJ also found that "claimant's activities during the time of the alleged severity were not consistent with such debilitating manipulative limitations," because Plaintiff testified that he had driven a motorcycle after his alleged disability onset date of August 2007 (and before filing his SSI benefits application in October 2008). (R. 38, 108.) Contrary to Plaintiff's assertion (ECF No. 11 at 10-11), the ALJ did not err in considering Plaintiff's motorcycle riding activity, because RFC determination is "based on all of the relevant medical and other evidence" (20 C.F.R. § 416.945(a)(3)). However, absent details about the frequency, duration, location, and purpose of his motorcycle riding, Plaintiff's testimony was neither consistent nor inconsistent with Dr. Potashnik's opinion regarding Plaintiff's hand limitation. The ALJ could ascertain these details on remand.

did not mention any difficulty using his non-dominant left hand, except for noting that his reconstructed left pointer finger did not bend. (R. 58.)

Notwithstanding the contradictory evidence from Dr. Fleishhacker, Dr. Weiss, and Plaintiff, the Court finds that the record is not sufficiently developed at this time to allow meaningful review of the ALJ's RFC determination as to Plaintiff's hand limitation. This is because Dr. Potashnik's opinion appears to be internally inconsistent in three respects. First, Dr. Potashnik observed that Plaintiff's "chief complaints" did not include any issues with either hand. (R. 537.) Second, Dr. Potashnik reported that – except for a fused left second finger and inability to make a full fist with his left hand – Plaintiff's elbows, wrists, and hands had normal range of motion with normal strength. (R. 38; *see* R. 537.) Third, and most critically, Dr. Potashnik reported on SSA Form OMB No. 0960-0662, *Medical Source Statement Of Ability To Do Work Related Activities (Physical)*, that Plaintiff could "*sort, handle, use paper/files*." (R. 544 (emphasis added).)

Having arranged for a consultative examination by Dr. Potashnik and given "significant weight" to the remainder of his opinion (R. 38), the ALJ should have undertaken efforts to resolve the internal inconsistencies surrounding Dr. Potashnik's analysis of Plaintiff's hand limitation. This is consistent with guidance provided by the Appeals Council when the case was remanded in 2012. (R. 118 ("As appropriate, the Administrative Law Judge may request the consultative source to provide additional evidence and/or further clarification of the opinion and medical source statements about what the claimant can still do despite the impairments (20 C.F.R. 416.912).")[7]

---

[7] *See* Social Security Administration Program Operations Manual System ("POMS") DI 29501.030, available at http://policy.ssa.gov/poms.nsf/lnx/0429501030 (last visited Apr. 30, 2018) (ALJ may need consulting source to appear at hearing when questions about independent exam cannot be resolved based on report).

18

The Court therefore finds that substantial evidence does not support the ALJ's RFC determination as to Plaintiff's hand limitation. Were this the only issue on appeal, the Court would remand the case for reconsideration of Step Four (and, if warranted, Step Five). That outcome is foreclosed, however, by the Court's finding above that the ALJ's decision should be reversed, and the case should be remanded for payment of benefits prior to August 2, 2013, because Plaintiff was disabled as a result of his back limitation irrespective of any hand limitation.

## V. CONCLUSION

For the preceding reasons, the Court affirms the Commissioner's decision that Plaintiff became disabled on August 2, 2013, but reverses the Commissioner's decision that Plaintiff was not disabled prior to August 2, 2013, and remands the case to the Commisioner for payment of benefits in accordance with the instructions above and in the accompanying Order.

Dated: May 4, 2018                    s/ Paul A. Zoss
At Newark, New Jersey            PAUL A. ZOSS, U.S.M.J.